**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

TONY D. AVEY                                                                                                    PLAINTIFF

V.                                         NO. 1:04CV00010-JTR

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                                DEFENDANT

**ORDER**

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (docket entry #7) on the ground that Plaintiff did not commence this action within sixty days after he received the "Notice of the Appeals Council Action" denying his request for review of the Administrative Law Judge's decision denying his Application for Disability Insurance Benefits ("DIB"). More specifically, Defendant argues that Plaintiff's Complaint "fails to state a claim upon which relief can be granted" due to the allegedly untimely filing, in substance moving to dismiss under Fed. R. Civ. P. 12(b)(6). (Docket entry #7 at p. 4-5.) *See also Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (statute of limitations defense properly asserted in Fed. R. Civ. P. 12(b)(6) motion where it appears from face of complaint itself that limitations period has run).

In support of its Motion, the Commissioner has filed the sworn declaration of Ernest Baskerville, an employee in the Office of Hearings and Appeals of the Social Security Administration. (Docket entry #8.) By presenting the Court with material outside of the pleadings, the Commissioner has in effect asked the Court to treat its Motion "as one for summary judgment . . . as provided in Rule 56." *See* Fed. R. Civ. P. 12(b). The Court will consider Mr. Baskerville's

sworn declaration in disposing of Defendant's Motion and will, therefore, convert Defendant's Motion to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

Because Plaintiff has stood behind the allegations of his Complaint in responding to Defendant's Motion, the Court will allow Plaintiff "a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *See* Fed. R. Civ. P. 12(b); *see also Country Club Estates L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000) (nonmoving party is entitled to notice that a Fed. R. Civ. P. 12(b)(6) motion to dismiss is converted to a Fed. R. Civ. P. 56 summary judgment motion - "general rule" in the Eighth Circuit "is that 'strict compliance' with this notice procedure is required"). Plaintiff shall have to and until December 1, 2005, to supplement his Response (docket entry #10) accordingly.

IT IS THEREFORE ORDERED THAT:

1. Defendant's Motion to Dismiss (docket entry #7) be and it is hereby CONVERTED to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

2. Plaintiff shall have to and until **December 1, 2005**, to supplement his Response (docket entry #10) with any material he deems relevant to the Court's consideration of Defendant's Motion for Summary Judgment.

DATED this 15th day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE