**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

TONY D. AVEY                                                                                                    PLAINTIFF

V.                                           NO. 1:04CV00010-JTR

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                                DEFENDANT

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (docket entry #7) on the ground that Plaintiff did not commence this action within sixty days after he received the "Notice of the Appeals Council Action" denying his request for review of the Administrative Law Judge's decision denying his Application for Disability Insurance Benefits ("DIB"). However, in support of this Rule 12(b)(6) Motion, Defendant filed the sworn declaration of Ernest Baskerville, an employee in the Office of Hearings and Appeals of the Social Security Administration. (Docket entry #8.) By submitting this declaration from material "outside the record," the Commissioner, in effect, requested the Court to consider its Motion "as one for summary judgment . . . as provided in Rule 56." *See* Fed. R. Civ. P. 12(b).

On November 15, 2005, the Court entered an Order (docket entry #12) explaining that it would consider Defendant's Motion to Dismiss as a Motion for Summary Judgment and that Plaintiff would be allowed until and including December 1, 2005, to file a Supplemental Response containing any material he deemed relevant to the Court's consideration of Defendant's Motion for Summary Judgment. Because a timely Supplemental Response has not been filed, the Court concludes that Plaintiff's only arguments are those set forth in his previously filed Response.

(Docket entry #10.)

The statute of limitations governing the commencement of an action in federal court challenging the final decision of the Commissioner of the Social Security Administration is set forth in 42 U.S.C. § 405(g):

> Any individual, after a final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . .

In the sworn declaration of Ernest Baskerville (docket entry #8) filed in support of Defendant's Motion for Summary Judgment, he states that:

(1) On September 23, 2003, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for DIB.

(2) Thereafter, Plaintiff requested the Appeals Council of the Social Security Administration to review the ALJ's decision.

(3) In a " Notice of Appeals Council Action" dated November 3, 2003, which was mailed to Plaintiff at "P. O. Box 1602, Mountain View, Arkansas 72560," the Appeals Council advised Plaintiff that: (a) it had denied his request for review of the ALJ's decision; (b) he had the right "to file a civil action . . . by filing a complaint in the United States District Court for the jurisdiction in which [he] lives"; (c) he must file this civil action within sixty days; and (d) the sixty days starts "the day after you receive this letter. We assume you receive this letter five days after the date on it [November 3, 2003] unless you show us that you did not receive it within the five-

day period."[1]

(4) A copy of the "Notice of Appeals Council Action" was also mailed to "Plaintiff's representative."[2]

Thus, according to Mr. Baskerville, Plaintiff was explicitly instructed to initiate this action within sixty days after he received the November 3, 2003 letter, which at the latest was presumed to have been received by him no later than November 8, 2003. There are no allegations or evidence in Plaintiff's Response that he attempted to demonstrate to the Appeals Council that he "did not receive it [the letter] within the five-day period." Therefore, his sixty days for commencing this action began, at the latest, on November 9, 2003, and expired on January 7, 2004. It is undisputed that Plaintiff filed his Complaint initiating this action on January 23, 2004.

In Plaintiff's Response, he points out that, in paragraph 6 of his Complaint (docket entry #2), he alleges that he "did not receive the Appeals Council denial letter until November 24, 2003." Thus, Plaintiff argues he had sixty days from November 24 or until January 23, 2004, to file his Complaint.

There are a number of problems with Plaintiff's conclusory argument that his January 23,

---

[1] A copy of the "Notice of Appeals Council Action," marked Exhibit 2, is attached to docket entry #8.

[2] In footnote 2 of Plaintiff's Response to Defendant's Motion for Summary Judgment, he correctly points out that Exhibit 2 "reveals no evidence that the Appeals Council denial notice was sent to the Plaintiff's representative." However, Plaintiff's Response is *not* supported by an affidavit from "Plaintiff's representative" controverting the statement in Mr. Baskerville's declaration that the Notice was mailed to and presumably received by "Plaintiff's representative." The important substantive issue is not whether the Notice reflects that a copy was mailed to "Plaintiff's representative" but, rather, whether the Notice, in fact, was mailed to and received by "Plaintiff's representative." There is nothing in Plaintiff's Response that negates the statement by Mr. Baskerville that the Notice was, in fact, sent to "Plaintiff's representative" on November 3, 2003, and, presumably, received by him within five days of that date.

2004 Complaint is timely under 42 U.S.C. § 405(g).  First, the bare allegation in Plaintiff's Complaint that he did not receive the November 3, 2003 Notice of Appeals Council Action until November 24, 2003, does not constitute a "reasonable showing" sufficient to rebut the regulatory presumption that Plaintiff received that Notice within five days of November 3, 2003.  *See* 20 C.F.R. § 422.210(c).  Courts have held that a mere denial of timely receipt by the plaintiff, even under oath, is insufficient to constitute a "reasonable showing" sufficient to rebut the regulatory presumption.  *See Velez v. Apfel*, 2000 WL 1506193 at *1 (2nd Cir.2000) ("conclusory allegation" of non-receipt does not constitute a reasonable showing) (unpublished decision);  *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir.1997) (plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption") (unpublished decision);  *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir.1987) (plaintiff and counsel's statement that notice was not timely received "cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing.  Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision") (quoting *Rouse v. Harris*, 482 F. Supp. 766, 769 (D.N.J.1980))

      Second, even if Plaintiff did receive the Notice of Appeals Council Action on November 24, 2003, that document explicitly advised him that: (1) he was presumed to have received the Notice within five days of November 3, 2003, unless he could show the Appeals Council that he did not receive it within that period of time; and (2) if he could not file for court review within sixty days, he should request the Appeals Council to extend his time to file his complaint.  On November 24, 2003, Plaintiff still had forty-four (44) days before the January 7, 2004 deadline for filing his

Complaint initiating this action.  Yet, Plaintiff took *no action* to show the Appeals Council that he did not receive the Notice until November 24, 2003, or to request the Appeals Council to extend the presumptive January 7, 2004 deadline for filing his Complaint in federal court.  Finally, Plaintiff offers no explanation of why his attorney was unable to file the Complaint during the forty-four (44) days that remained before the expiration of the January 7, 2004 deadline.

The Eighth Circuit has identified the kind of equitable factors that might properly toll the sixty-day limitations period contained in 42 U.S.C. § 405(g), noting that equitable tolling has only been allowed in cases where the government has hindered claimant's attempts to exercise rights by acting in a misleading or clandestine way.  *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) (citing *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir.1988) (*per curiam*)).  Obviously, there is nothing in Plaintiff's Response to Defendant's Motion for Summary Judgment that implicates any of the kinds of equitable factors identified by the Court in *Bess* and *Turner*.  Thus, the Court concludes that this is not a case "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is appropriate.'" *Bowen v. City of New York*, 476 U.S. 467, 480 (1986).

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment be and it is hereby GRANTED.

DATED this 6th day of December, 2005.

_____
UNITED STATES MAGISTRATE JUDGE